UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANIS KAIGHN and GREGORY KAIGHN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:16-cv-02117-KJM-CKD<br><br><br>ORDER |

Gregory Kaighn, an attorney, brings this case against the United States on behalf of himself and Janis Kaighn to "end the insidious Dictatorship imposed on the United States of America and the American people." Compl. ¶ 1, ECF No. 1. Similar to at least four other cases recently brought by the Kaighns in various federal courts, this case is meritless. *See, e.g.*, *Kaighn et al v. United States of America et al*, 3:16-cv-08079-SPL (D. Ariz. 2016) (finding all claims "wholly frivolous"); *Kaighn et al v. United States of America et al.*, 3:16-cv-08083-NVW (D. Ariz. 2016) (dismissing case and revoking Mr. Kaighn's electronic filing privilege with the court); *Greg Kaighn et al v. Volkswagen AG et al.*, 2:15-cv-08905-DSF-JEM (C.D. Cal. 2016) (dismissing case and imposing sanctions); *Janis Kaighn et al v. Richard Cheney et al.*, 2:15-cv-08339-DSF-JEM (C.D. Cal. 2016) (dismissing for failure to comply with court's orders).[1]

---

[1] It is the court's understanding that, as is the case here, Mr. Kaighn represented both

1

1   Because the complaint is frivolous, fails to establish the court's jurisdiction, and fails to state a
2   claim upon which relief can be granted, the court DISMISSES the complaint *sua sponte* with
3   prejudice.  In addition, plaintiffs are ordered to SHOW CAUSE in writing by December 5, 2016,
4   why they should not be declared  "vexatious litigants" and additional sanctions be issued against
5   them and why Mr. Kaighn should not be subject to sanctions under Rule 11

6   I.      BACKGROUND

7           Plaintiffs filed the complaint on September 6, 2016, alleging that the duly-elected
8   government of the United States has been overthrown by the "Roosevelt Dictatorship" with the
9   assistance of the British Monarchy, the Rothschild Central Bankers, and the Illuminati.  *See*
10  *generally* ECF No. 1.  Plaintiffs assert "[t]he entire United States government has gone
11  completely dark" and, accordingly, seek rescission of the United States Constitution, a
12  Constitutional Convention, a declaration that a laundry list of federal statutes are unconstitutional,
13  the imposition of a constructive trust over the United States, and the appointment of a receiver "to
14  take custody, manage, and protect the assets of the United States, the federal government and the
15  Federal Reserve for the benefit of the American people."  *Id.* ¶¶ 83, 105-108.

16          The complaint largely consists of conspiracy-laden political pronouncements.  *See,*
17  *e.g.*, *id.* ¶ 1 ("This case will end the insidious Dictatorship imposed on the United States and the
18  American people"); *id.* ¶ 2 ("Opposing the Rothschild Bankers, the British Monarchy, and the
19  Illuminati has been very deadly for American Presidents"); *id.* ¶ 3 ("[T]he September 11, 2001
20  terrorist attacks on the United States were an 'inside job'"); *id.* ¶ 14 (Theodore Roosevelt
21  "fundamentally believed in rule by one person dictatorship"); *id.* ¶ 15 ("General Albert Pike was
22  the 'puppet master' for the Illuminati in America"); *id.* ¶ 19 ("Franklin D. Roosevelt's rule over
23  the American people officially began on March 9, 1933 and his dictatorship is still in place
24  today"); *id.* ¶ 23 ("Eleanor Roosevelt is the most corrupt politician in history and the worst of the
25  Roosevelt family 'axis of evil'"); *id.* ¶ 25 ("The Social Security Act is part of the terrorist plan

26  ───────────────────────────────────────────────

27  himself and Janis Kaighn in each of the cases dismissed by the Central District of California.  It is
    also the court's understanding that Mr. Kaighn did not represent Mrs. Kaighn in the cases
28  dismissed by the District of Arizona and that each of the plaintiffs proceeded in *pro per*.

and part of the New World Order"); *id.* ¶ 38 ("The Democratic National Committee and the Democratic Party both meet the organizational tests of a 'communist party' and must forfeit all right to exist as a matter of law"); *id.* ¶ 47 ("The duly elected government of the United States has been overthrown by the Roosevelt Dictatorship"); *id.* ¶ 63 ("NASA has been 'experimenting' with creating or enhancing 'natural disasters' for decades"); *id.* ¶ 80 ("We attempted to contact the Obama Administration many times regarding the theft of our personal identification materials and the many acts of violence that the terrorists had perpetrated against us personally"); *id.* ¶ 82 ("Court clerks cancel court hearings and decide the cases themselves"); *id.* ¶ 95 ("The rapture of the Roman Catholic Church occurred in 2005").

The court considers *sua sponte* whether the complaint should be dismissed for want of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

II.  STANDARD

As discussed below, the court may dismiss a complaint *sua sponte* under Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6).  The court addresses each in turn.

A.  12(b)(1)

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377–78 (1994).  Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte* by the court.  Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999); *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial or no longer open to discussion") quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904), *Bailey v. Patterson*, 369 U.S. 31, 33 (1962), *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910), *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933), and *McGilvra v. Ross*, 215 U.S. 70, 80 (1909)).  A Rule 12(b)(1)

1    jurisdictional attack may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

2    2000). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction,

3    even assuming all the allegations are true and construing the complaint in the light most favorable

4    to plaintiff. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

5        To bring a viable claim against the United States, the onus is on the plaintiff to

6    first show sovereign immunity does not bar the court from hearing the claim. *See Kingman Reef*

7    *Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (plaintiff bears the

8    burden of establishing jurisdiction). Under the doctrine of sovereign immunity, the United States

9    may not be sued unless it expressly consents to suit, *see United States v. Mitchell*, 463 U.S. 206,

10   212 (1983); *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003), or unequivocally

11   waives sovereign immunity, *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59 (9th Cir. 1985) (citing

12   *United States v. King*, 395 U.S. 1, 4 (1969)). A waiver of sovereign immunity "is a prerequisite

13   for jurisdiction." *Gilbert*, 756 F.2d at 1458-59. Thus, unless a plaintiff pleads facts sufficient to

14   reveal such a waiver, the federal court has no jurisdiction to hear the claim.

15       B.  <u>12(b)(6)</u>

16       The court may dismiss a claim for "failure to state a claim upon which relief can

17   be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate only if the complaint lacks a

18   "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.

19   *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court

20   assumes factual allegations are true and draws reasonable inferences from them. *Ashcroft v.*

21   *Iqbal*, 556 U.S. 662, 678 (2009). The court may dismiss a claim *sua sponte* under Federal Rule of

22   Civil Procedure 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citing

23   *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal

24   Practice and Procedure § 1357 at 593 (1969))); see also *Dydzak v. Alexander*, 2:16-CV-02915-

25   ODW, 2016 WL 3094753, at *5 (C.D. Cal. June 1, 2016) (dismissing case *sua sponte* under

26   12(b)(6)). "Such a dismissal may be made without notice where the claimant cannot possibly win

27   relief." *Omar*, 813 F.2d at 991.

28   /////

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of a cause's elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Evaluation under Rule 12(b)(6) is a context-specific task drawing on "judicial experience and common sense." *Iqbal* at 679.

III.   DISCUSSION

As explained below, the court finds grounds for dismissal under Rules 12(b)(1) and 12(b)(6).

A.   12(b)(1)

The complaint does not address the issue of waiver of the United States' sovereign immunity, and each of the statutes upon which the plaintiffs rely in the complaint clearly fails to waive sovereign immunity. *See* ECF No. 1 ¶¶ 4-8 (citing 28 U.S.C. §§ 2201-2202; 28 U.S.C. § 1331; 28 U.S.C. § 1346; 28 U.S.C. § 1367). Neither the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, nor the general federal question statute, 28 U.S.C. § 1331, provides a waiver of the United States' sovereign immunity. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382-83 (9th Cir. 1988) (Declaratory Judgment Act); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 n.3 (9th Cir. 2007) (federal question statute). Similarly, 28 U.S.C. § 1367(a), which grants supplemental jurisdiction over state claims related to certain federal claims in any civil action of which the district court has original jurisdiction, cannot "operate as a waiver of the United States' sovereign immunity.'" *Dunn & Black*, 492 F.3d at 1088 n.3 (quoting *Wilkerson v. United States*, 67 F.3d 112, 119 n.13 (5th Cir. 1995)).

Finally, the sovereign immunity waiver embedded in the Tort Claims Act also does not apply here. Although 28 U.S.C. § 1346(b)(1) provides a limited waiver of the United States' sovereign immunity for tort claims "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), plaintiffs in this case are not seeking damages

"for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ," 28 U.S.C. § 1346(b)(1). Even if they were, plaintiffs have not alleged that they complied with the administrative tort claim exhaustion requirement under the Federal Tort Claims Act prior to filing this lawsuit. *See* 28 U.S.C. § 2675(a); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (internal citation omitted).

Because the complaint fails to address sovereign immunity and asserts jurisdictional bases for which there has been no waiver of sovereign immunity, the complaint fails to establish the court's jurisdiction. Accordingly, the court dismisses the complaint under 12(b)(1).

### B. 12(b)(6)

The complaint also fails to allege any legal claims supported by factual allegations, or any relief this court has authority to grant. *See Iqbal*, 556 U.S. at 677-78. The complaint provides an incoherent political manifesto and completely fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The relief sought is beyond this court's authority to grant. *See* ECF No. 1 ¶ 104 (seeking rescission of the Constitution); *id.* ¶ 106 ("Plaintiffs seek the imposition of a Constructive Trust over the United States of America, the Federal Government, the Federal Reserve, and all the assets of each"); *id.* ¶ 107 ("Plaintiffs seek the appointment of a Receiver to take custody, manage, and protect the assets of the United States of America, the federal government, and the Federal Reserve for the benefit of the American people"); *id.* ¶ 108 ("On behalf of the American people, plaintiffs seek civil forfeiture of all assets of the Federal Reserve"). As a result, the complaint fails to state a claim upon which relief can be granted. The court dismisses the complaint under 12(b)(6).

### IV. CONCLUSION

For the reasons explained above, the court dismisses the complaint under Rules 12(b)(1) and 12(b)(6). Because amendment would be futile, dismissal is granted with prejudice.

In addition, plaintiffs are hereby ordered to show cause on or before December 5, 2016, why the court should not declare them vexatious litigants and impose sanctions. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits); Local Rule 151(b) (adopting California Code of Civil Procedure relating to vexatious litigants); Cal. Civ. Proc. Code § 391(b) (enumerating bases for declaring a litigant "vexatious"). Plaintiffs are notified that possible additional sanctions include (1) entering a prefiling order that limits the filing of new cases, *see* Cal. Civ. Proc. Code § 391.7; (2) requiring security be posted to maintain cases, *see* Cal. Civ. Proc. Code § 391.1; (3) limiting the number of pending motions plaintiffs may maintain in a single case; (4) imposing monetary sanctions, *see, e.g.*, *Greg Kaighn et al v. Volkswagen AG et al.*, 2:15-cv-08905-DSF-JEM (C.D. Cal. 2016); and (5) revoking plaintiffs' online filing privileges, *see, e.g. Kaighn et al v. United States of America et al.*, 3:16-cv-08083-NVW (D. Ariz. 2016)). Mr. Kaighn is further notified that, as the counsel of record for Janis Kaighn in this case, he may be subject to sanctions under Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11(c)(3).

DATED: November 3, 2016.

UNITED STATES DISTRICT JUDGE