UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANIS KAIGHN and GREGORY KAIGHN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:16-cv-02117-KJM-CKD<br><br>ORDER |

Plaintiffs Janis Kaighn and Gregory Kaighn ask this court to reconsider its decision dismissing the case with prejudice. Req. Reconsider, ECF No. 47. In its prior order, the court dismissed plaintiffs' complaint on jurisdictional grounds and for failure to state a claim upon which relief can be granted. *See* Order, ECF No. 45.

The Local Rules include detailed requirements for applications for reconsideration. Local Rule 230(j). An applicant must submit a brief or affidavit setting forth the material facts and circumstances surrounding each motion. *Id.* Specifically, the brief or affidavit must establish "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j)(3)–(4).

1

1    Here, plaintiffs filed a request for reconsideration that contains a four-page request
2 and over 450 pages of attachments and exhibits. *See generally* Req. Reconsider.  The
3 attachments and exhibits consist largely of court documents from other cases and have no
4 apparent relation to this case. *See, e.g.*, *id.* Exs. 1– 9.  The court does not consider these unrelated
5 documents in deciding plaintiffs' motion here.

6    Plaintiffs' four-page request is difficult to decipher at best, as was plaintiffs'
7 complaint discussed and dismissed in the court's prior order.  The request includes reference to
8 conspiracies on the part of this and other courts, allegedly disbarred lawyers in Arizona, and the
9 "Rothschild Banking Dynasty." *Id.* at 1–4.  The court finds only two assertions that could
10 possibly be construed as grounds for reconsideration under Local Rule 230(j).  The first assertion
11 is that the court "may have a misunderstanding of the true facts that are occuring [sic] and have
12 occurred in the State of Arizona," apparently referring to a case before Judge Wake of the
13 Arizona District Court. *Id.* at 1–2.  However, the court's order dismissing the complaint did not
14 discuss Judge Wake or, for that matter, any case or action in Arizona.  Thus, plaintiffs' first
15 assertion is unrelated to their case here and provides no basis for reconsideration.  The second
16 assertion is that plaintiffs have legal standing in this case. *Id.* at 3–4.  However, as discussed
17 above, the court dismissed plaintiffs' claim on jurisdictional grounds unrelated to standing.  Thus,
18 this assertion does not support the court's reconsideration of its decision here.

19    In sum, plaintiffs have not established any grounds for reconsideration of the
20 court's order.  Plaintiffs' request for reconsideration is therefore DENIED.

21    This resolves ECF No. 47.

22    IT IS SO ORDERED.

23 DATED: November 19, 2016.

_____
UNITED STATES DISTRICT JUDGE

2