UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANIS KAIGHN and GREGORY KAIGHN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:16-cv-02117-KJM-CKD<br><br>ORDER |

Gregory R. Kaighn, an attorney, brought this case against the United States on behalf of himself and Janis Kaighn in September 2016, to "end the insidious Dictatorship imposed on the United States of America and the American people." Compl. ¶ 1, ECF No. 1. On November 3, 2016, the court dismissed the case *sua sponte* for failure to state a claim and failure to establish the court's jurisdiction. Order, ECF No. 45. After concluding the complaint was "frivolous," *id.* at 2, the court further ordered plaintiffs to show cause why they should not be declared "vexatious litigants" under California law, which permits sanctions in such instances, and why Mr. Kaighn should not be subject to sanctions under Rule 11, *id.* at 6–7. Plaintiffs timely responded to the order to show cause. Resp. Order Show Cause (Resp.), ECF No. 50. The court submitted the matter without hearing. Min. Order, ECF No. 58.

1

For the following reasons, the court DECLARES Mr. Kaighn, but not Ms. Kaighn, a "vexatious litigant." The court further SANCTIONS Mr. Kaighn under Rule 11 for his role as the acting attorney in this case.

I. BACKGROUND

   A. The Court's Prior Order

In its prior order dismissing the complaint, the court discussed in detail plaintiffs' claims in this case. The court briefly reviews that prior ruling here.

Plaintiffs filed the complaint on September 6, 2016, alleging that the duly-elected government of the United States has been overthrown by the "Roosevelt Dictatorship" with the assistance of the British Monarchy, the Rothschild Central Bankers, and the Illuminati. *See generally* Compl. Plaintiffs asserted "[t]he entire United States government has gone completely dark" and, accordingly, sought rescission of the United States Constitution, a Constitutional Convention, a declaration that a list of federal statutes are unconstitutional, the imposition of a constructive trust over the United States, and the appointment of a receiver "to take custody, manage, and protect the assets of the United States, the federal government and the Federal Reserve for the benefit of the American people." *Id.* ¶¶ 83, 105–108.

As the court explained in its prior order, the complaint largely consisted of conspiracy-laden political pronouncements. Order 2; *see, e.g.*, Compl. ¶ 1 ("This case will end the insidious Dictatorship imposed on the United States and the American people"); *id.* ¶ 2 ("Opposing the Rothschild Bankers, the British Monarchy, and the Illuminati has been very deadly for American Presidents"); *id.* ¶ 3 ("[T]he September 11, 2001 terrorist attacks on the United States were an 'inside job'"); *id.* ¶ 14 (Theodore Roosevelt "fundamentally believed in rule by one person dictatorship"); *id.* ¶ 15 ("General Albert Pike was the 'puppet master' for the Illuminati in America"); *id.* ¶ 19 ("Franklin D. Roosevelt's rule over the American people officially began on March 9, 1933 and his dictatorship is still in place today"); *id.*¶ 23 ("Eleanor Roosevelt is the most corrupt politician in history and the worst of the Roosevelt family 'axis of evil'"); *id.*¶ 25 ("The Social Security Act is part of the terrorist plan and part of the New World Order"); *id.*¶ 38 ("The Democratic National Committee and the Democratic Party both meet the

organizational tests of a 'communist party' and must forfeit all right to exist as a matter of law"); *id.* ¶ 47 ("The duly elected government of the United States has been overthrown by the Roosevelt Dictatorship"); *id.* ¶ 63 ("NASA has been 'experimenting' with creating or enhancing 'natural disasters' for decades"); *id.* ¶ 80 ("We attempted to contact the Obama Administration many times regarding the theft of our personal identification materials and the many acts of violence that the terrorists had perpetrated against us personally"); *id.* ¶ 82 ("Court clerks cancel court hearings and decide the cases themselves"); *id.* ¶ 95 ("The rapture of the Roman Catholic Church occurred in 2005").

Reviewing the complaint, the court found at least two separate grounds for dismissal. Order 4–6. First, the complaint provided no basis for finding the United States' consented to be sued or otherwise waived sovereign immunity. *Id.* at 5–6. Accordingly, the court found dismissal appropriate under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. *Id.* at 6. Second, the court concluded the complaint failed to state a claim upon which relief can be granted as required by Federal Rule of Civil Procedure 12(b)(6). *Id.* In so deciding, the court explained the complaint "fail[ed] to allege any legal claims supported by factual allegations, or any relief this court has authority to grant." *Id.* The court dismissed the entire complaint on both of these grounds, and described the suit as "completely frivolous." *Id.* at 6.

After considering the frivolity of the complaint, in addition to the fact that at least four other courts had recently dismissed actions brought by these same two plaintiffs, in some cases on the express basis of frivolity,[1] the court further ordered plaintiffs to show cause why sanctions should not be imposed. More specifically, the court instructed plaintiffs to show cause why they should not be declared "vexatious litigants" under California law. *Id.* at 7 (citing, *inter alia*, Cal. Civ. Proc. Code § 391). A vexatious litigant is generally a "persistent and obsessive litigant[] who, repeatedly litigating the same issues through groundless actions, waste[s] the time and resources of the court system and other litigants." *Shalant v. Girardi*, 51 Cal. 4th 1164, 1169

---

[1] In an early filing in this case, plaintiffs notified the court of these "related" cases. *See* Pls.' Notice Related Cases, ECF No. 8. The court discusses them in greater detail below.

3

(2011). The court noted corresponding "vexatious litigant" sanctions could include: (1) entering a pre-filing order that limits the filing of new cases; (2) requiring security be posted to maintain cases; (3) limiting the number of pending motions plaintiffs may maintain in a single case; (4) imposing monetary sanctions; and (5) revoking plaintiffs' online filing privileges. *Id.* The court further notified Mr. Kaighn, as counsel of record in the case, he may be subject to sanctions under Federal Rule of Civil Procedure 11. *Id.*

  B.  Procedural History

  Though the docket is expansive, the procedural history of this case is brief. Plaintiffs filed the complaint on September 6, 2016, the United States moved to dismiss on October 6, 2016, ECF No. 13, and the court ultimately dismissed the complaint *sua sponte* on November 3, 2016 without reaching the merits of the United States' motion.[2] Plaintiffs filed a motion for reconsideration of that decision, ECF No. 45, which the court denied on November 21, 2016, ECF No. 51.

  In the interim, and even after dismissal of the complaint, plaintiffs filed various motions, notices, statements, requests, and an application. *See* ECF Nos. 10, 15, 21, 32 (motions); ECF Nos. 8–9, 11–12, 15, 19, 22–23, 29–31, 40–41, 43, 48, 51, 59 (notices); ECF Nos. 7, 37, 53–54, 56 (statements); ECF Nos. 14, 28, 38, 57 (requests); ECF No. 42 (application). Many of these filings were duplicative or were not pertinent to issues before the court. *See, e.g.*, ECF No. 32 ("EX PARTE MOTION for the Immediate Involvement of President Obama, Hillary Clinton, and Donald Trump"); ECF No. 29 ("Notice of Demand For the Arrest of Courtroom Deputy D. Streeter"); ECF No. 56 ("STATEMENT of the Stench of Corruption form Arizona to Sacramento"); ECF No. 53 ("STATEMENT of WHEN IS OUR SON COMING HOME? ANSWER THE QUESTION PLEASE"); ECF No. 42 ("APPLICATION for the arrest of Donald John Trump"). Other filings were improperly noticed for hearing or failed to follow other local

---

[2] In its order dismissing the case, the court discussed its authority to dismiss a case *sua sponte* under Rules 12(b)(1) and 12(b)(6). *See* Order 3–4. Plaintiffs have a demonstrated history of voluntarily dismissing cases after a motion to dismiss is filed but before the court reaches the merits; indeed, they have done so in at least five cases before the Eastern District, as discussed below.

rules. *See, e.g.*, Min. Order, ECF No. 20 (denying plaintiffs' motion for summary judgment for failure to comply with local rules requiring parties to meet and confer); Am. Min. Order, ECF No. 27 (denying plaintiffs' requests for failure to comply with various local rules, including those regarding ex parte applications). Even after the court dismissed the complaint, took the current matter under submission, and further ordered plaintiffs to not file any more motions or notices, plaintiffs filed yet another unrelated notice. *See* Notice, ECF No. 59. Mr. Kaighn signed all of these filings as the attorney for plaintiffs.

In addition to plaintiffs' numerous filings, Mr. Kaighn has sent many e-mails to the court's official e-mail address, each of which the court has docketed. *See* Clerk's Notice, ECF No. 55. The subject lines of those e-mails reveal their nature as unrelated and, in some instances, wholly inappropriate: (1) 10/6/16 Email "Re: explain this please", (2) 10/14/16 Email "The Last Two Orders Are Garbage 16-cv-02117", (3) 10/14/16 Email "This is a Death Penalty Case", (4) 10/14/16 Email "Streeter Has Been Sued", (5) 10/14/16 Email "I'll sue you next", (6) 10/14/16 Email "16-cv-02458 Kaighn v. Streeter, summons, complaint, civil case documents", (7) 11/9/16 Email "16-2370 (Kaighn v. Apple) The Kidnapping of Garrett Kaighn", (8) 11/9/16 Email "Re: 16-2370 (Kaighn v. Apple) The Kidnapping of Garrett Kaighn", (9) 11/9/16 Email "Our Prior Motion Re: President Obama", (10) 11/9/16 Email "The Constitutional Crisis is Real and it is Here", (11) 11/9/16 Email "How Convenient is This Timing", (12) 11/9/16 Email "The Kidnapping of Garrett Richard Kaighn (16-02117 and 16-02227)", (13) 11/9/16 Email "The Kidnapping of Garrett Richard Kaighn (16-02117 and 16-02227)", (14) 11/9/16 Email "The Kidnapping of Garrett Richard Kaighn (16-02117 and 16-02227)", (15) 11/9/16 Email "Lets Talk About a Fixed Election Shall We", (16) 11/9/16 Email "Lets Talk About a Fixed Election Shall We (#2)", (17) 11/10/16 Email "The Kidnapping of Garrett Richard Kaighn (16-02117 and 16-02227)", (18) 11/10/16 Email "The Kidnapping of Garrett Richard Kaighn (16-02117 and 16-02227)", (19) 11/17/16 Email "This country is in your hands, Judge Mueller's

1  hands and our hands", (20) 11/21/16 Email "The Kidnapping of Garrett Richard Kaighn (16-8083, 16-02117, and 16-02227)". *Id.*[3]

Plaintiffs filed their response to the order to show cause on November 17, 2016. Below, the court considers whether to sanction the Kaighns under California's "vexatious litigant" law and whether to further sanction Mr. Kaighn in his capacity as an attorney under Rule 11.

II.     VEXATIOUS LITIGANTS

The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007). More specifically, the All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Such pre-filing orders "are an extreme remedy that should rarely be used," as they can "tread on a litigant's due process right of access to the courts." *Molski*, 500 F.3d at 1057. Accordingly, the Ninth Circuit has outlined four requirements before a district court may enter a pre-filing order: (1) the litigant must be given notice and a chance to be heard before the order is entered; (2) the district court must compile "an adequate record for review"; (3) the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* (citing *De Long*, 912 F.2d at 1147–48). The Ninth Circuit has characterized the first two requirements as procedural considerations and the latter two as substantive considerations. *Id.*

---

[3] Many of these e-mails were sent in connection with another case before this court. *See Kaighn et al v. Trump*, 2:16-cv-02227-KJM-CKD (E.D. Cal. filed Aug. 19, 2016). In that case, because the e-mail communications did not comply with the Local Rules, the court blocked all future communications from plaintiffs to the court's official e-mail address. *See id.*, ECF No. 54.

6

Although the court's inherent power to issue appropriate sanctions provides an important backdrop, this order focuses primarily on a statutory basis for sanctions under California law. Specifically, the Eastern District's Local Rule 151(b) adopts California's "vexatious litigant" laws. *See* LR 151(b) (adopting Cal. Civ. Proc. Code §§ 391–391.8). The Ninth Circuit has suggested the court's "vexatious litigant" determination under California law is subject to the corresponding state statutory requirements, but not to the aforementioned requirements for the court's exercise of its inherent powers under *De Long*. *See Russell v. Thompson*, 94 F.3d 652 (9th Cir. 1996) (affirming vexatious litigant determination under California law without reference to *De Long* requirements); *Sanders v. CleanNet of S. California, Inc.*, 135 Fed. App'x 936, 938 (9th Cir. 2005) (same). On the other hand, in at least one unpublished case, the Ninth Circuit has subjected a "vexatious litigant" determination under California law to the same requirements as in *De Long*. *See Tyler v. Knowles*, 481 Fed. App'x 355, 356 (9th Cir. 2012) (reversing trial court's vexatious litigant determination under California law for the court's failure to comply with procedural *De Long* requirements). Thus, although the court proceeds on the basis of its local rule and state statutory law below, the court also considers each of the requirements of *De Long*.

A. <u>California's Vexatious Litigant Law</u>

California's vexatious litigant law, Cal. Civ. Proc. Code §§ 391–391.8, was "designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." *Shalant*, 51 Cal. 4th at 1169. The statute "provide[s] courts and nonvexatious litigants with two distinct and complementary sets of remedies." *Id.* at 270. First, in pending litigation, a plaintiff may be declared a vexatious litigant and, if the plaintiff has no reasonable probability of prevailing, ordered to furnish security. *Id.* (citing Cal. Civ. Proc. Code §§ 391.1–391.6). Under the statute, "security" means "an undertaking to assure payment . . . of the party's reasonable expenses, including attorney's fees . . . incurred in or in connection with a litigation instituted . . . by a vexatious litigant." Cal. Civ. Proc. Code § 391. If the plaintiff fails to furnish the security, the action will be dismissed. *Id.* Second, the court may impose a pre-

7

filing order that prevents a plaintiff from filing any new case in propria persona. *Id.* (citing Cal. Civ. Proc. Code § 391.7). If a plaintiff subject to a pre-filing order somehow manages to file a new case in propria persona without the presiding judge's permission, the case may be dismissed. *Id.* Once the court declares someone a "vexatious litigant," the designation is reported to the state Judicial Council, which maintains a list of "vexatious litigants." Cal. Code Civ. Proc. § 391.7(f); *see also* Vexatious Litigant List, available at http://www.courts.ca.gov/documents/vexlit.pdf.

The statute defines "vexatious litigant" to mean "a person who does any of the following:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
>
> (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
>
> (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Cal. Code Civ. Proc. § 391(b). "Litigation" means "any civil action or proceeding, commenced, maintained or pending in any state or federal court." Cal. Code Civ. Proc. § 391(a). A plaintiff is "the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained, including an attorney at law acting in propria persona." Cal. Code Civ. Proc. § 391(d). The vexatious litigant law was originally enacted in 1963, and the state legislature "expanded its reach" through amendments in 1990. *In re R.H.*, 170 Cal. App. 4th 678, 688 (2009). Most relevant here, the 1990 amendments added the pre-filing order provision, §

391.7, expanded the definition of "plaintiff" to include attorneys, and added the latter two categories of "vexatious litigant" discussed above, § 391(b)(3)–(4). *Id.*

B. <u>Types of Litigants Covered by California's Vexatious Litigant Law</u>

Mr. Kaighn and Ms. Kaighn are both plaintiffs in this case, and Mr. Kaighn additionally acts as the attorney representing both plaintiffs. Thus, as an initial matter, the court considers whether California's vexatious litigant law covers the following four categories of litigants: (1) an attorney representing himself, (2) a person represented by an attorney, (3) an attorney representing another person; and (4) an attorney representing both himself and another person.

The first three categories are straightforward.

The "vexatious litigant" law clearly covers an attorney representing himself. By its express terms, the law applies to an attorney proceeding in propia persona. The statute does not define "in propria persona," but the phrase means "in one's own person." Black's Law Dictionary (10th ed. 2014). Although the Latin phrase is sometimes used interchangeably with "pro se," which refers to "[o]ne who represents oneself in a court proceeding without the assistance of a lawyer," *id.*, the statute here expressly includes "an attorney at law acting in propria persona," Cal. Code Civ. Proc. § 391(d). If the definition of "in propria persona" is given any meaning at all, it must be that an attorney proceeding on his behalf can be a plaintiff subject to the vexatious litigant law. *See also Shalant v. Deutsch*, 2004 WL 205837, at *1 (Cal. App. 2d Dist. Feb. 4, 2004) (affirming vexatious litigant order issued against attorney Joseph L. Shalant, who contended he was proceeding through his law firm); *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057 (9th Cir. 2014) (discussing prior state court's vexatious litigant order issued against attorney Nina Ringgold representing herself); *Weber v. State Bar*, 47 Cal. 3d 492, 507 n.16 (1988) (discussing state trial court's prior vexatious litigant order issued against attorney Sherman S. Weber).

Conversely, the "vexatious litigant" law does not cover a person represented by an attorney. Instead, as discussed above, the law covers only a person who is "acting in propria persona." Cal. Civ. Proc. Code § 391(d). A person acting through an attorney is not acting on

9

her own behalf, or in propria persona, and would not be covered by the statute. *See John v. Superior Court*, 63 Cal. 4th 91 (2016) ("The vexatious litigant statutory scheme applies exclusively to self-represented litigants.") (internal citation omitted); *see also Shalant*, 51 Cal. 4th at 1169 (previously-declared vexatious litigant not subject to pre-filing review when represented by counsel in filing new litigation).

The state's current "vexatious litigant" list does include at least one person who may be subject to a pre-filing order even when represented by an attorney. *See* Vexatious Litigant List (James S. Davis listed as a "vexatious litigant" based on two cases before Riverside Superior Court "whether in propria persona or through attorney"). And the Ninth Circuit has not foreclosed the possibility of a federal court using its inherent power to declare a litigant vexatious, even when she is represented. *See, e.g.*, *Ringgold-Lockhart*, 761 F.3d at 1067 (vacating trial court's pre-filing order against attorney Nina Ringgold and son she was representing, Justin Ringgold Lockhart, in part on basis record did not show son participated in underlying litigations). Nonetheless, the court finds the California Supreme Court's interpretation of section 391 excludes represented litigants, such as Ms. Kaighn.

Similarly, the law does not cover an attorney representing a client. An attorney representing another person is by definition not representing himself, and is thus not "acting in propria persona" and would not be subject to a vexatious litigant order. *See also Weissman*, 179 F.3d at 1194 (in evaluating trial court's vexatious litigant order under 28 U.S.C. § 1651(a), concluding "[a] vexatious litigant order imposed against a pro se litigant, however, is distinguishable from an order that limits an attorney's right to file pleadings on behalf of a client, i.e., to practice his or her profession.").

The fourth category, an attorney representing both himself and another person, presents a more difficult question. As both a party and an attorney, such a litigant has two roles, only one of which is covered by the statute. It may be difficult to distinguish between the litigant's actions as a party advancing the vexatious litigation and his actions as an attorney advocating on behalf of a client. Nonetheless, the court concludes section 391 covers an attorney who represents both himself and another person. Again, the statute defines a plaintiff as a

"person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained, including an attorney at law acting in propria persona." Cal. Civ. Proc. Code § 391(d). An attorney who proceeds as one of the plaintiffs in an action satisfies this definition. In addition, inclusion of this category of litigants promotes the purpose of the vexatious litigant law to "curb misuse of the court system" by "persistent and obsessive litigants" who "waste the time and resources of the court system and other litigants." *Shalant*, 51 Cal. 4th at 1169. In those circumstances where an attorney-party's action might be construed as those of the attorney only and not those of a party, then the attorney might argue he is excluded. Even then, such an attorney would still be subject to separate sanctions as an attorney under Rule 11. Otherwise, such a litigant is an equal participant in the vexatious litigation and can be held accountable. This conclusion is supported by the Ninth Circuit's interpretation of the court's inherent powers to issue sanctions against vexatious litigants. *See Ringgold-Lockhart*, 761 F.3d at 1067.

In light of the above, the court finds Mr. Kaighn, but not Ms. Kaighn, is covered by California's "vexatious litigant" law. The original complaint lists the following plaintiffs: "Janis Kaighn, Gregory R. Kaighn, individually and as co trustees on behalf of the People of the United States who hold the underlying sovereignty in the American Democracy." Compl. 1. The header of the complaint lists Mr. Kaighn as the "attorney for plaintiffs." *Id.* Consistent with that representation, the complaint is signed only by Mr. Kaighn, as the attorney for plaintiffs, and then separately verified by both Mr. and Ms. Kaighn as "plaintiffs in this action." *Id.* at 43–44. In light of these representations, the court construes Mr. Kaighn to be acting on his own behalf and also as an attorney representing Ms. Kaighn. Because he is proceeding in part on his own behalf, Mr. Kaighn is covered by the "vexatious litigant" statute. Cal. Civ. Proc. Code § 391(d). In contrast, Ms. Kaighn is not covered by the law because she is proceeding as represented by Mr. Kaighn. *Id.*

The court next considers whether Mr. Kaighn satisfies any of the four definitions to be declared a "vexatious litigant."

/////

11

C. <u>Types of Conduct Covered by California's Vexatious Litigant Law</u>

The court is not aware of any previous declaration of Mr. Kaighn as a vexatious litigant. Thus, he does not appear to satisfy subsection 391(b)(4) (vexatious litigant if declared to be so in a previous action based on similar facts). In addition, although plaintiffs have submitted several unrelated filings after the court's judgment in this case, the court does not find a vexatious litigant declaration warranted under subsection 391(b)(2) (vexatious litigant if repeatedly relitigates court's final determination). Instead, the court focuses on the remaining subsections, which cover a litigant who has "commenced . . . at least five litigations . . . that have been finally determined aversely to the person," § 391(b)(1), and a litigant who "repeatedly files unmeritorious motions," 391(b)(3). The court discusses each in turn.

1. <u>Five Litigations</u>

Under subsection 391(b)(1), a vexatious litigant is a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." Cal. Civ. Proc. Code § 391(b)(1). The factual or legal merit of issues presented in the previous lawsuits "is irrelevant to a vexatious litigant determination." *Shalant*, 2004 WL 205837, at *1. Instead, the court looks only to whether five or more litigations were "finally determined adversely to the person." *Id.*

Here, plaintiffs themselves have notified the court of various "related" cases. Notices, ECF Nos. 5, 8–9. Mr. Kaighn, along with Ms. Kaighn, brought each of the following cases within the last seven years, and each was finally determined against them. *See Kaighn, et al. v. United States of America et al*, 3:16-cv-08079-SPL (D. Ariz. 2016) (finding all claims "wholly frivolous"); *Kaighn et al v. United States of America et al.*, 3:16-cv-08083-NVW (D. Ariz. 2016) (dismissing case and revoking Mr. Kaighn's electronic filing privilege with the court); *Greg Kaighn, et al. v. Volkswagen AG et al.*, 2:15-cv-08905-DSF-JEM (C.D. Cal. 2016) (dismissing case and imposing sanctions); *Janis Kaighn, et al. v. Richard Cheney et al.*, 2:15-cv-08339-DSF-JEM (C.D. Cal. 2016) (dismissing for failure to comply with court's orders).

Mr. Kaighn's case here, which the court dismissed under Rules 12(b)(1) and 12(b)(6), also was finally determined against him. *See* Order, ECF No. 45. Together, these five cases provide adequate support for a vexatious litigant order. A sixth case was decided by the Ninth Circuit, *see Gregory Kaighn, et al. v. Volkswagen A.G., et al.*, 16-55247 (9th Cir. Aug. 6, 2016), in which the court dismissed plaintiffs' appeal for failure to prosecute. *See, e.g.*, *Sankary v. Ringgold*, B210169, 2009 WL 386969, at *1 (Cal. App. 2d Dist. Feb. 18, 2009) (declaring Nina Ringgold a vexatious litigant for her frivolous litigation on appeal).

Although the six proceedings leading to dismissal are themselves sufficient to satisfy subsection 391(b)(1) of the vexatious litigant law, the court also notes other potentially meritless cases the Kaighns have brought. *See, e.g., Kaighn, et al. v. New York City*, 2:16-cv-02453-WBS-AC (E.D. Cal. filed October 14, 2016) (voluntarily dismissed without motion from defendant); *Kaighn v. Trump*, 2:16-cv-02507-KJM-EFB (E.D. Cal. filed Oct. 20, 2016) (voluntarily dismissed); *Kaighn v. Streeter*, 2:16-cv-02458-JAM-CKD (E.D. Cal. filed Oct. 14, 2016) (voluntarily dismissing plaintiffs' case brought against courtroom deputy for involvement in the instant case). In many of these other cases, the Kaighns voluntarily dismissed the action only after defendants appeared and moved for dismissal. *See Kaighn v. CSC Lawyers*, 16-CV-02434-JAM-GGH (E.D. Cal. filed October 12, 2016); *Kaighn v. Apple, Inc.*, 2:16-cv-02370-KJM-EFB (E.D. Cal. filed Oct. 4, 2016) (voluntarily dismissing after defendants separately filed ten motions to dismiss); *Kaighn v. United States of America*, 2:15-cv-01602-MCE-AC (E.D. Cal. filed July 27, 2015); *Kaighn v. Dellinger*, 2:15-cv-01641-MCE-AC (E.D. Cal. filed Aug. 3, 2015). Some cases are still pending. *See Kaighn, et al. v. Trump*, 2:16-cv-02227-KJM-CKD (E.D. Cal. filed Aug. 19, 2016). While consideration of these additional cases is not necessary to the court's "vexatious litigant" determination, the court takes notice of them in shaping appropriate sanctions as discussed below. *See Molski*, 500 F.3d at 1057 (sanctions "must be narrowly tailored to closely fit the specific vice encountered").

In sum, the court finds ample grounds to declare Mr. Kaighn a vexatious litigant based on the five-case requirement under subsection 391(b)(1).

/////

1                2.       Unmeritorious Motions

           The court next considers subsection 391(b)(3), which provides an alternative basis for a vexatious litigant determination. Under subsection 391(b)(3), a vexatious litigant is also a person who "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Cal. Civ. Proc. Code § 391(b)(3).

           Here, the court finds plaintiffs' multitudinous filings were unmeritorious and frivolous. As highlighted above, many of these filings were duplicative or wholly unrelated to issues before the court. *See, e.g.*, ECF No. 29 ("Notice of Demand For the Arrest of Courtroom Deputy D. Streeter"); ECF No. 53 ("STATEMENT of WHEN IS OUR SON COMING HOME? ANSWER THE QUESTION PLEASE"). Others were improperly noticed for hearing or failed to follow other local rules. *See, e.g.*, Am. Min. Order, ECF No. 27 (denying plaintiffs' repeated requests). Others violated the prior orders of the court in this case. *See, e.g.*, Pls.' Mot. Summ. J. (after their initial motion for summary judgment was stricken for their failure to meet and confer, calling the order "beyond outrageous" and refiling the motion); Notice, ECF No. 59 (filed after the court ordered plaintiffs to not file any further notices). In addition, as noted, plaintiffs have sent countless unrelated and inappropriate e-mails to the court's official address. *See* ECF No. 55. Taken together, plaintiffs' filings satisfy the requirements of subsection 391(b)(3). This provides a separate basis for a vexatious litigant declaration.

           In sum, the court finds two separate bases for a vexatious litigant determination. Accordingly, the court DECLARES Mr. Kaighn a "vexatious litigant." The court next fashions a narrowly tailored set of restrictions that fit his vexatious conduct.

           D.       Sanctionable Conduct under California's Vexatious Litigant Law

           The picture painted above reveals Mr. Kaighn as a prolific filer of cases across at least three federal district courts, with at least one appeal to the Ninth Circuit. Many of his cases have been determined to be frivolous by the presiding courts; even more have been determined adversely against plaintiffs. The sheer number of cases plaintiffs filed and then withdrew before

having to appear or further prosecute their case  -- at least seven -- is also concerning, wasting resources of opposing parties and the court.  Thus, a pre-filing review order is appropriate here. Cal. Code Civ. Proc. § 391.7(f).

Mr. Kaighn also has filed various motions, pleadings, or other papers that are frivolous and a burden on the court.  In this case, he has continued to file these notices after the court dismissed the case, submitted this matter regarding sanctions, and ordered plaintiffs to stop filing notices.  Mr. Kaighn has filed duplicates of the same filings discussed in this case in his other cases before this court.  *See, e.g.*, *Kaighn v. Apple, Inc.*, 2:16-cv-02370-KJM-EFB (E.D. Cal. filed Oct. 4, 2016); *Kaighn, et al. v. Trump*, 2:16-cv-02227-KJM-CKD (E.D. Cal. filed Aug. 19, 2016).  Thus, the court will impose additional restrictions, separate from the pre-filing review requirement, on Mr. Kaighn's online filing privileges.

E. *De Long* Requirements

As noted above, where a court relies on its inherent power to issue a pre-filing order, the Ninth Circuit has outlined two procedural and two substantive prerequisites.  *See De Long*, 912 F.2d at 1147–48.  Although these four requirements generally apply where the court relies on its inherent powers, *id.*, they may also apply where the court relies on state law, *see, e.g.*, *Tyler*, 481 F. App'x at 356.

Under *De Long*, a court must satisfy two procedural requirements: (1) the litigant must be given notice and a chance to be heard before the order is entered; and (2) the court must compile "an adequate record for review."  It also must satisfy two substantive requirements:  (3) the court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered."  *Molski*, 500 F.3d at 1057 (citing *De Long*, 912 F.2d at 1147–48).

Here, the court has satisfied the procedural requirements under *De Long*.  First, plaintiffs were notified of the possibility of being declared vexatious litigants, were directed to the relevant law, and were given over a month to respond.  Order 6–7.  Based on plaintiffs' response to the order to show cause, which explained it was "unsafe for plaintiffs to appear in court," *see* Resp. 1, the court took the matter under submission, *see* Min. Order.  In drafting its current order,

15

the court considered plaintiffs' response to the order to show cause, as well as plaintiffs' request for reconsideration, in which they addressed the court's order to show cause. Thus, plaintiffs have been given notice and opportunity to be heard prior to the court's determination of whether to issue a pre-filing order here. Second, the court has carefully reviewed the record of filings in this case, e-mails sent to the court related to this case, and other cases brought by plaintiffs. There is an ample record to facilitate review of the court's determination.

The court has also satisfied the substantive *De Long* requirements. The court's prior order dismissing the case found it to be substantively frivolous, and the court here finds plaintiffs' filings are also frivolous. *See* ECF Nos. 10, 15, 21, 32 (motions); ECF Nos. 8–9, 11–12, 15, 19, 22–23, 29–31, 40–41, 43, 48, 51, 59 (notices); ECF Nos. 7, 37, 53–54, 56 (statements); ECF Nos. 14, 28, 38, 57 (requests); ECF No. 42 (application). In addition, the court has carefully considered the underlying vexatious conduct in fashioning a narrowly tailored set of sanctions.

Thus, the court's analysis and decision here satisfies the requirements under both California law and *De Long*.

F.  Sanctions

In the conclusion section of this order, the court lays out the pre-filing review requirements that will be applied to Mr. Kaighn. The court will further order the Clerk to provide a copy of this order to the state Judicial Council. Cal. Code Civ. Proc. § 391.7(f).

Additionally, going forward, Mr. Kaighn may only submit filings in hard copy. Although revocation of online filing privileges is not an express remedy under California's vexatious litigant law,[4] the court finds this measure appropriate given Mr. Kaighn's conduct before this court and permissible under the court's inherent power. At least one other federal court has imposed this same sanction on Mr. Kaighn. *See Kaighn, et al. v. United States of America et al.*, 3:16-cv-08083-NVW (D. Ariz. 2016) (Docket number 26) (revoking electronic filing privileges after case was dismissed).

---

[4] Indeed, California trial courts are allowed, but not required, to permit electronic filing of documents. *See* Cal. Code Civ. Proc. § 1010.6(b).

16

In light of the conduct described above, the court finds these two restrictions justified, tailored to the conduct at issue, and supported by California's vexatious litigant law and the court's inherent power.

### III. RULE 11

In addition to proceeding as a plaintiff in this case, Mr. Kaighn also filed the complaint and executed each of his various filings as an attorney representing both plaintiffs. He is subject to Federal Rule of Civil Procedure 11. Fed. R. Civ. P. 11(a) (requiring an attorney of record to sign every "pleading, written motion, and other paper").

Rule 11 requires the signing attorney to make various representations to the court by virtue of signing each document he submits. Among them, the attorney represents the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 11(b)(1), and "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument," Fed. R. Civ. P. 11(b)(2). In light of the numerous frivolous filings discussed above, the court finds Mr. Kaighn in violation of Rule 11(b)(1). Additionally, the frivolity of the underlying complaint, paired with the court's *sua sponte* dismissal of the complaint on two distinct bases, warrants a further finding that Mr. Kaighn violated Rule 11(b)(2). The court provided Mr. Kaighn an opportunity to address sanctions under Rule 11, yet he altogether failed to address these issues.

In light of Mr. Kaighn's multiple violations of Rule 11, the court will impose the following sanctions: (1) Mr. Kaighn will be suspended from practice before this court for a minimum of sixty days, with the requirement that thereafter he submit a pre-reinstatement declaration, which must be accepted by the court before reinstatement, explaining his understanding of the reasons for his suspension and the steps he will follow to cure those reasons; (2) this matter will be referred to the appropriate disciplinary body of the California State Bar.

This case, which has already been dismissed, will remain closed.

/////

/////

IV. CONCLUSION

After a thorough review of plaintiffs' filings and careful consideration of the appropriate restrictions in light of plaintiffs' conduct, the court makes the following rulings:

1. The court DECLARES Gregory Kaighn a "vexatious litigant."
2. The court ORDERS the following:

    a) Gregory Kaighn shall not initiate any further action as a self-represented plaintiff in this court unless the pleadings initiating the action, which must be submitted in hard copy, are accompanied by a declaration under penalty of perjury that explains why Mr. Kaighn believes he has meritorious claims. The declarations shall include a list of all previous actions Mr. Kaighn has filed in this or any court, identifying named defendants and all claims made in the previous actions. Mr. Kaighn shall certify that the defendants named in the proposed action have never been sued by Mr. Kaighn, or alternatively that any claims against previously-sued defendants are not related to previous actions. The declaration shall also state that the claims are not frivolous or made in bad faith, and that Mr. Kaighn has conducted a reasonable investigation of the facts and the investigation supporting his claim or claims. Finally, a copy of this order shall be attached to any application;

    b) The Clerk shall not accept any action submitted by Mr. Kaighn as a self-represented plaintiff unless it is accompanied by the required declaration and copy of the instant order; any incomplete filings shall be returned to Mr. Kaighn without further action of the court; and

    c) If Mr. Kaighn submits an action as a self-represented plaintiff accompanied by the required declaration, the Clerk shall open the matter as a miscellaneous case to be considered by the General Duty Judge of this court. The judge will issue necessary orders after making a determination

/////

whether the case is in fact related to a previous case filed by Mr. Kaighn, and whether it is non-frivolous.

3. The court SUSPENDS Mr. Kaighn from practice before this court for a minimum of sixty days, with the requirement that thereafter he submit a pre-reinstatement declaration, which must be accepted by the court before reinstatement, explaining his understanding of the reasons for his suspension and the steps he will follow to cure those reasons;

4. The court INSTRUCTS the Clerk of the Court provide a copy of this Order to the state Judicial Council.

5. The court INSTRUCTS the Clerk of the Court to refer this matter to the appropriate disciplinary body of the California State Bar.

IT IS SO ORDERED.

DATED: April 11, 2017.

_____
UNITED STATES DISTRICT JUDGE